UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DIANNE C. NIGRO,

      Plaintiff,

v.                                            CASE NO. 8:06-CV-2134-T-MAP

MICHAEL J. ASTRUE,[1]
Commissioner of Social Security,

      Defendant.
_____/

## ORDER

      Pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), Plaintiff seeks review of the Commissioner's decision denying her claim for period of disability, Disability Insurance Benefits ("DIB"), and Supplemental Security Income ("SSI").[2] In summary, she argues the Administrative Law Judge ("ALJ") erred by failing to adequately develop the record with regard to the severity of the Plaintiff's physical and psychological impairments and failing to adequately consider the Plaintiff's subjective testimony and assertions. After reviewing the record, I find the ALJ applied the correct legal standards and the decision is supported by substantial evidence. Therefore, Plaintiff's complaint is dismissed and the Commissioner's decision is affirmed.

    *A. Background*

      The Plaintiff, who was 44 years old at the time of her administrative hearing, has a tenth

---

    [1] Michael J. Astrue replaced Jo Anne B. Barnhart as Commissioner of Social Security effective February 12, 2007.

    [2] The parties have consented to proceed before me pursuant to 28 U.S.C. § 636(c) (doc. 11).

grade education and prior work experience as a stocker and department manager at Wal-Mart (R. (2)319--20).[3]  The Plaintiff alleges that she became disabled on June 6, 2003 (R. (2)317). Following a July 13, 2006, hearing, the ALJ denied benefits.  On October 12, 2006, the Appeals Council denied review.  The Plaintiff then filed this suit.

   *B. Standard of Review*

The Social Security Administration, in order to regularize the adjudicative process, promulgated the detailed regulations that are currently in effect.  These regulations establish a "sequential evaluation process" to determine whether a claimant is disabled.  20 C.F.R. §§ 404.1520; 416.920.  If an individual is found disabled at any point in the sequential review, further inquiry is unnecessary.  20 C.F.R. §§ 404.1520(a); 416.920(a).  Under this process, the Secretary must determine, in sequence, the following:  whether the claimant is currently engaged in substantial gainful activity; whether the claimant has a severe impairment, i.e., one that significantly limits the ability to perform work-related functions; whether the severe impairment meets or equals the medical criteria of Appendix 1, 20 C.F.R. Subpart P; and whether the claimant can perform her past relevant work.  If the claimant cannot perform the tasks required of her prior work, step five of the evaluation requires the ALJ to decide if the claimant can do other work in the national economy in view of her age, education, and work experience.  A claimant is entitled to benefits only if unable to perform other work.  See *Bowen v. Yuckert*, 482 U.S. 137 (1987); 20 C.F.R. §§ 404.1520(f), 416.920(f).

   In reviewing the ALJ's findings, this court must ask if substantial evidence supports

---

[3] The page numbering in the Administrative Record goes from page 313 to page 214. The Court will refer to the pages that should have been numbered 314–335 as (2)314–(2)335.

them. *Richardson v. Perales*, 402 U.S. 389 (1971). The ALJ's factual findings are conclusive if "substantial evidence" consisting of "relevant evidence as a reasonable person would accept as adequate to support a conclusion" exists. See 42 U.S.C. § 405(g); *Keeton v. Department of Health and Human Services*, 21 F.3d 1064 (11th Cir. 1994). The court may not reweigh the evidence nor substitute its own judgment for that of the ALJ even if it finds that the evidence preponderates against the ALJ's decision. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). The Commissioner's failure to apply the correct law, or to give the reviewing court sufficient reasoning for determining that he has conducted the proper legal analysis, mandates reversal. *Keeton*, 21 F.3d at 1066; *Jamison v. Bowen*, 814 F.2d 585 (11th Cir. 1987) (remand for clarification).

  *C. The ALJ's Findings*

  The ALJ determined that the Plaintiff had the following severe impairments: "degenerative disk disease (DDD) of the lumbar, thoracic and cervical spine, asthma, gastroesophageal reflux disease (GERD), peptic ulcer disease (PUD), fibromyalgia, sleep apnea and obesity" (R. 14). The ALJ determined that these impairments did not meet or equal in severity the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. The ALJ found that "the claimant's medically determinable impairments could reasonably be expected to produce the alleged symptoms, but that the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible" (R. 16). The ALJ found that the claimant had the residual functional capacity "to stand and walk two hours and sit six hours total in an eight-hour day. She requires the ability to alternate positions at will. She can lift and carry 10 pounds occasionally and five pounds frequently. She can push and

pull 10 pounds occasionally and five pounds frequently. She can occasionally climb stairs, balance, and stoop, but she cannot climb ropes, ladders, or scaffolds, kneel, crouch, or crawl," with no concentrated exposure to dust, fumes, gases or other air pollutants, humidity, heat, or cold (R. 15). The ALJ determined that the Plaintiff is unable to perform any past relevant work (R. 21). However, the ALJ found that jobs exist in significant numbers in the national economy that the Plaintiff can perform (R. 22–23). Accordingly, the ALJ found that the Plaintiff is not disabled (R. 23).

### D. Discussion

The Plaintiff claims that the ALJ erred in the second step of the sequential evaluation process, by failing to make an express determination regarding the severity or non-severity of several of the Plaintiff's physical impairments. *See* Plaintiff's Memorandum of Law at 8. The Plaintiff notes, for instance, that the decision itself sets forth the Plaintiff's assertions of left sided weakness, status post surgery, lower extremity edema, and adverse side effects of medication, among other ailments. However, a review of the ALJ's decision shows she thoroughly discussed the Plaintiff's medical history and considered all of her impairments. The ALJ expressly found that seven of the Plaintiff's impairments were severe. R. 14. Regarding the Plaintiff's lower extremity edema, the ALJ specifically noted that while the Plaintiff has alleged "asthma, extremity swelling and pain and back pain, conditions which could be exacerbated by obesity, . . . these alleged difficulties have not been shown by objective, medical findings to have resulted in severe limitations in her ability to perform work-related difficulties" (R. 21). Even if it might have been a better practice for the ALJ to make more explicit findings regarding the severity or non-severity of the Plaintiff's other impairments, the ALJ thoroughly discussed the

evidence relating to all of the Plaintiff's impairments and took the combination of the Plaintiff's impairments into account in determining her residual functional capacity. *See Newsome v. Barnhart*, 444 F. Supp. 2d 1195, 1200–01 (M.D. Ala. 2006) (where the ALJ did not specifically address the claimant's diagnosis of Oppositional Defiant Disorder ("ODD") and did not make a finding as to whether ODD constituted a severe impairment, the Court nonetheless affirmed the ALJ's decision because the ALJ "did consider and discuss the underlying evidence relating to the plaintiff's ODD and properly discounted it"). Although the Plaintiff relies on *Williams v. Barnhart*, 186 F. Supp. 2d 1192 (M.D. Ala. 2002), to argue that the ALJ's failure to make express findings regarding the severity of each and every impairment that is mentioned in the Plaintiff's medical history is reversible error, I find that *Williams* is distinguishable. In *Williams*, the ALJ "simply failed to address" some of the claimant's alleged impairments in the decision, and the decision did not "reveal the extent to which the ALJ evaluated those symptoms or impairments beyond step two of the sequential evaluation process." *See id.* at 1197–98. In this case, by contrast, the ALJ thoroughly examined the medical evidence, and discussed even the impairments that she did not expressly find to be "severe" in the section of her decision addressing the Plaintiff's residual functional capacity (R. 15–21).

The Plaintiff also argues that the ALJ erred in failing to adequately evaluate the severity of the Plaintiff's psychological complaints, and in failing to order a consultative examination regarding the Plaintiff's psychological difficulties. *See* Plaintiff's Memorandum at 8–9. The ALJ has a basic obligation to develop a full and fair record, without regard for whether the applicant is represented by counsel. *Cowart v. Schweiker*, 662 F.2d 731, 735–736 (11th Cir. 1981). The ALJ may order a consultative examination in order to fully develop the record, but

the ALJ is not required to do so unless the examination is necessary in order to make a decision. *Ford v. Sec. of Health & Human Services*, 659 F.2d 66, 69 (5th Cir. 1981)(Unit B). While the ALJ has the duty to adequately develop the record, it remains plaintiff's burden to prove she is disabled. *See Carnes v. Sullivan*, 936 F.2d 1215, 1218 (11th Cir. 1991).

Here, the ALJ fulfilled her duty to fully and fairly develop the record, and did not err in failing to obtain a consultative examination. The medical evidence indicates that the Plaintiff was diagnosed with depression/anxiety (R. 277), and at different times was prescribed Lexapro, Cymbalta, and Effexor (281, 277). However, the Plaintiff's testimony during the hearing contained no mention of depression and only brief references to anxiety – she mentioned that "stress and weather" contributed to her asthma (R. (2)(321), and when discussing whether her medications caused nausea and vomiting, she said it also might be her "nerves." R. (2)(324 ("I stopped taking them for a little bit and I was – then I started taking them and I guess – I don't know if it's just nerves and then sometimes I don't vomit from taking them – from the Sulfizine or however you say that."). The Plaintiff never stated that anxiety or depression interfered with her ability to work. None of Plaintiff's treating physicians opined that due to depression or anxiety she was not capable of working, or limited her activity as a result of her depression or anxiety. As such, I find that the ALJ's failure to order a consultative psychiatric examination was not error. No evidence was needed in addition to that provided by the medical sources, there was no problem obtaining evidence, there was no highly technical or specialized evidence involved, and the record did not contain a conflict or ambiguity with regard to Plaintiff's mental health. See 20 C.F.R. §§ 404.1519a(b)(1)-(4); 416.919a(b)(1)-(4); *see also Sneed v. Barnhart*, 214 Fed. Appx. 883, 886, 2006 WL 3770655 at **3 (11th Cir. 2006) (finding that brief and

sporadic references to depression together with medical evidence that the claimant was being treated for depression and anxiety were insufficient to trigger the ALJ's duty to obtain a psychological consultative report).[4] The Plaintiff failed to meet her burden of showing that depression or anxiety were severe impairments.

*E. Conclusion*

For the reasons stated, it is hereby

ORDERED:

1. The Plaintiff's complaint is dismissed and the Commissioner's decision affirmed.

2. The Clerk is directed to enter judgment for the Commissioner.

DONE AND ORDERED at Tampa, Florida on February 8, 2008.

_Mark A. Pizzo_
MARK A. PIZZO
UNITED STATES MAGISTRATE JUDGE

---

[4] The Plaintiff also claims that the ALJ was required to order a consultative exam pursuant to 42 U.S.C. § 421(h) ("An initial determination under subsection (a), (c), (g), or (i) of this section that an individual is not under a disability, in any case where there is evidence which indicates the existence of a mental impairment, shall be made only if the Commissioner of Social Security has made every reasonable effort to ensure that a qualified psychiatrist or psychologist has completed the medical portion of the case review and any applicable residual functional capacity assessment.") and *McCall v. Bowen*, 846 F.2d 1317 (11th Cir. 1988) (in a case where remand was required for other reasons, the Court noted that a claimant's "own testimony of mental problems" and the suggestion by claimant's physicians that she suffered from anxiety "might well be enough to require the appointment of a psychiatrist or psychologist under the requirements of section 421(h)," so the applicability of section 421(h) "must be carefully considered" on remand). However, the Eleventh Circuit noted in *Sneed* that the Third Circuit has held that § 421(h) does not apply to hearings before an ALJ, because 42 U.S.C. § 421(d), which covers hearing before an ALJ, is excluded from § 421(h)'s purview, and further found that the ALJ was not required to order a consultative examination where the claimant's complaints of depression were brief and sporadic. *See Sneed*, 214 Fed. Appx. at 886, 2006 WL 3770655 at \*\*2.

cc: Counsel of Record